**NOT FOR PUBLICATION**

```
                      UNITED STATES DISTRICT COURT
                         DISTRICT OF NEW JERSEY

                                    :
IN RE OWEN RAMBOW,                  :   Bankruptcy No. 10-20415 (RTL)
                                    :
     Debtor.                        :   Civil Action No. 10-2657 (MLC)
                                    :
                                    :        O P I N I O N
_____:
```

**THE DEBTOR-APPELLANT**, Owen Rambow ("Appellant"), appealing from the April 27, 2010 Order of the United States Bankruptcy Court ("4-27-10 Order") denying his motion seeking sanctions against Wachovia Bank, National Association ("Wachovia") (dkt. entry no. 1, Not. of Appeal); and

**THE APPELLEE**, Wells Fargo Bank, National Association ("Appellee"), being the successor-by-merger to Wachovia, contending that Appellant's brief "violates the requirements of Fed.R.Bank.P. 8010" in that "it fails to set forth a statement of the basis for appellate jurisdiction and the standard of appellate review by which the issue presented to this Court is to be determined" (dkt. entry no. 9, Appellee Br. at 2 n.1); and

**THE COURT** therefore examining whether a basis for appellate review exists; and

**IT APPEARING** that "the district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees," 28 U.S.C. § 158(a)(1); and it further appearing that the appellate jurisdiction over interlocutory

orders and decrees requires the leave of court, 28 U.S.C. § 158(a)(3); and

**IT APPEARING** that the 4-27-10 Order is not a final judgment, order, or decree, in that it did not "end the litigation on the merits and leave[] nothing for the court to do but execute the judgment," Catlin v. United States, 324 U.S. 229, 233 (1945); and it appearing that leave of court is therefore required for jurisdiction over such appeal to exist, 28 U.S.C. § 158(a)(3); and the Court therefore treating the appeal, improperly taken, as a motion for leave to appeal, pursuant to Fed.R.Bankr.P. 8003(c); and

**THE COURT** observing that "it is now well-established that district courts will apply the standard outlined in 28 U.S.C. § 1292(b)" in determining whether it is appropriate to grant leave to file an interlocutory appeal of an order of the Bankruptcy Court, see In re Shafer, No. 09-3575, No. 09-4254, 2009 WL 3334877, at *1 (D.N.J. Oct. 14, 2009); and the Court further observing that to merit a Section 1292(b) certification, the movant must show that there is (1) a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation, Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974); and the decision to grant certification being within the district court's discretion,

even where all three criteria are present, Bachowski v. Usery, 545 F.2d 363, 368 (3d Cir. 1976); and

**IT APPEARING** that orders denying sanctions are neither final orders nor appealable on an interlocutory basis, insofar as a challenge to "the discretionary . . . determination[] of the Bankruptcy Judge in denying sanctions" does not raise a controlling question of law, In re Shafer, 2009 WL 3334877, at *1 (citing Cunningham v. Hamilton Cnty., 527 U.S. 198, 204, 209-10 (1999)); and

**THE COURT** concluding that Appellant's appeal, if construed as a motion for leave to appeal, should therefore be denied; and

**THE COURT** further noting that if it were to consider the 4-27-10 Order a final order insofar as it resolved all disputes between Appellant and Wachovia, if not the litigation as a whole, see In re Truong, 513 F.3d 91, 93-94 (3d Cir. 2008), it would review the Bankruptcy Court's decision not to impose sanctions for an abuse of discretion, Fellheimer, Eichen & Braverman, P.C. v. Charter Techs., Inc., 57 F.3d 1215, 1223 (3d Cir. 1995); and the Court observing that even if the Bankruptcy Court had found that Wachovia technically violated the automatic stay under 11 U.S.C. § 362(a)(3) by administratively freezing the Appellant's checking account, the Bankruptcy Court could have found on the record before it that either (1) the violation did not cause Appellant's injuries, or (2) the violation was not willful, both

of which are required for sanctions under 11 U.S.C. § 362(k)(1), insofar as the non-release of funds from the account was apparently caused by the Trustee's refusal to agree to the release, which in turn was the result of errors in Appellant's own bankruptcy petition and related filings (see Appellee Br. at 15-16 and citations to record therein); and the Court therefore concluding that the Bankruptcy Court did not abuse its discretion; and

    **THE COURT** thus intending to dismiss the appeal; and the Court having considered the matter without oral argument pursuant to Federal Rule of Civil Procedure 78; and for good cause appearing, the Court will issue an appropriate order.

           s/ Mary L. Cooper
           **MARY L. COOPER**
           United States District Judge

Dated:    December 9, 2010